█ JEAN LABOULAIS, Respondent, v. ROBERT COHADE, Defendant, and DIANA COHADE, Appellant.— In an action to recover damages for breach of an oral contract, the defendant Diana Cohade appeals from a judgment of the Supreme Court, Westchester County, entered January 30, 1962 after trial upon a jury's verdict, in favor of plaintiff and against her for $8,500 and costs. At the trial the court dismissed all the causes of action except the first and seventh, and the jury awarded plaintiff $7,500 on the first cause of action and $1,000 on the seventh cause of action. Judgment reversed on the law, and a new trial granted, without costs, unless, within 30 days after entry of the order hereon, plaintiff shall stipulate to reduce to $4,450 the amount of the verdict in his favor on the first cause of action, in which event the judgment, as so reduced, is affirmed. Under the first and seventh causes of action plaintiff alleges that he agreed to pay certain moneys and to render certain work, labor and services to the defendants Cohade (who are husabnd and wife), and that defendants agreed to provide a home and to furnish care for plaintiff for the rest of his life and to tend him in his old age. Plaintiff further alleges that he paid the moneys and performed the services, but that defendants breached the contract. The contract was oral. The court charged the jury that under the first cause of action plaintiff sought the return of moneys which he had paid to the female defendant (Mrs. Cohade) in reliance on the oral contract, and that he also sought the reasonable value of work, labor and services performed in connection with that contract. The court further charged that under the seventh cause of action plaintiff sought to recover damages for breach of the oral contract. No exception was taken to this charge, and accordingly it became the law of the case (*Brown* v. *Du Frey*, 1 N Y 2d 190, 195). In our opinion the proof is insufficient as matter of law to support the jury's verdict of $7,500 in favor of plaintiff on the first cause of action. However, a recovery of $4,450 on this cause of action is warranted by said defendant's (Mrs. Cohade's) admission that she actually had and received this amount from plaintiff. In view of her breach of the contract, her retention of this money would constitute unjust enrichment. We are also of opinion that the verdict in favor of plaintiff on the seventh cause of action was improper. During the trial Mrs. Cohade moved to amend her answer to include the defense of the Statute of Frauds. The learned Trial Justice granted this motion on plaintiff's consent, but thereafter he charged the jury that the defense of the Statute of Frauds was not available. In our opinion this charge, to which Mrs. Cohade duly excepted, was error. Since performance of the oral contract was not to be completed before the end of a lifetime, it was void under the Statute of Frauds (Personal Property Law, § 31, subd. 1). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.